UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

JOE NATHAN SCOTT, JR.,

                Petitioner,

v.

RENEE BAKER, et al.,

                Respondents.

Case No. 3:14-cv-00624-MMD-WGC

ORDER

    Petitioner has submitted a *pro se* petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254 (dkt. no. 1-1). However, petitioner has failed to submit an application to proceed *in forma pauperis* or pay the filing fee. Accordingly, this matter has not been properly commenced. 28 U.S.C. § 1915(a)(2) and Local Rule LSR1-2.

    Thus, the present action will be dismissed without prejudice to the filing of a new petition in a new action with an application to proceed *in forma pauperis* on the proper form with both an inmate account statement for the past six (6) months and a properly executed financial certificate.

    It does not appear from the papers presented that a dismissal without prejudice will materially affect a later analysis of any timeliness issue with regard to a promptly filed new action. Petitioner at all times remains responsible for properly exhausting his claims, for calculating the running of the federal limitation period as applied to his case, and for properly commencing a timely-filed federal habeas action.

It is therefore ordered that this action is dismissed without prejudice to the filing of a new petition in a new action with a properly completed application form to proceed *in forma pauperis.*

It is further ordered that a certificate of appealability is denied, as jurists of reason would not find the Court's dismissal of this improperly commenced action without prejudice to be debatable or incorrect.

It is further ordered that the Clerk shall send petitioner two (2) copies each of an application form to proceed *in forma pauperis* for incarcerated persons and a noncapital Section 2254 habeas petition form, one (1) copy of the instructions for each form, and a copy of the papers that he submitted in this action.

It is further ordered that petitioner's motion for appointment of counsel (dkt. no. 3) is denied as moot.

It is further ordered that the Clerk shall enter judgment accordingly and close this case.

DATED THIS 16th day of April 2015.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

2